# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America** | **Case Number: CR-23-00695-001-TUC-AMM (LCK)** |
| **v.** | **ORDER OF DETENTION PENDING TRIAL** |
| **Joseph Kwadwo Badu Boateng** | |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Findings of Fact and Statement of Reasons

☐      (1)    **Rebuttable Presumption Arises Under 18 U.S.C. §3142(e)(3)** *(narcotics, firearm, other offenses)*: There is probable cause to believe that the defendant has committed an offense

        ☐   for which a maximum term of imprisonment of 10 years or more is prescribed in The Controlled Substances Acts, 21 U.S.C. §801-904; 21 U.S.C. §951-971; or Chapter 705 of Title 46 (46 U.S.C. §§ 70501-70508);

        ☐   under 18 U.S.C. §§924(c), 956(a) or 2332b;

        ☐   under §2332b(g)(5)(B) with a maximum term of 10 years or more in prison;

        ☐   under Chapter 77 of Title 18 (18 U.S.C. §§1581-1597) for which a maximum term of 20 years or more in prison is prescribed; **or**

        ☐   an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1) - (a)(3), 2252A(a)(1) - (a)(4), 2260, 2421 - 2423, or 2425.

☐      (2)    The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure .

ALTERNATIVE FINDINGS:

☐      (1)    **Rebuttable Presumption Arises Under 18 U.S.C. §3142(e)(2)** *(previous violator)*: The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1), that is

        ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4), a violation of 18 U.S.C. §1591, or an offense listed in §2332b(g)(5)(B) with a maximum term of 10 years or more in prison;

        ☐ an offense for which the maximum sentence is life imprisonment or death;

        ☐ an offense for which a maximum term of imprisonment of 10 years or more is prescribed in The Controlled Substances Acts, 21 U.S.C. §801-904; 21 U.S.C. §951-971; or Chapter 705 of Title 46 (46 U.S.C. §§ 70501-70508);

        ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses; **or**

        ☐ any felony that involves a minor victim or that involves the possession or use of a firearm or destructive device as defined in 18 U.S.C. §921, or any other dangerous weapon, or involves a failure to register under 18 U.S.C. §2250; **and**

☐      (2)    The defendant has been convicted with an offense described in 18 U.S.C. §3142(f)(1) or has been convicted of a state or local offense that would have been a federal offense described in subsection (f)(1) if a circumstance giving rise to federal jurisdiction had existed (18 U.S.C. §3142(e)(2)(A)); **and**

☐      (3)    The offense described in finding (2) was committed while the defendant was on release pending trial for a federal, state or local offense (18 U.S.C. §3142(e)(2)(B)); **and**

☐      (4)    A period of not more than five years has elapsed since the date of conviction or release of the defendant from imprisonment for the offense described in finding (2) whichever is later. 18 U.S.C. §3142(e)(2)(C).

☐      (5)    Findings Nos. (1) (2) (3) and (4) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

OTHER FINDINGS:

☒      (6)    There is probable cause to believe that the defendant has committed an offense.

☒      (7)    There is a serious risk that the defendant will not appear and/or is a flight risk and that no condition or combination of conditions will reasonably assure the defendant's appearance.

☐      (8)    There is a serious risk that the defendant will endanger the safety of another person or the community and that no conditions or combination of conditions will reasonably assure the safety of others and the community.

☐      (9)    Defendant is a citizen of another country.

☐      (10)    Defendant does not have sufficient ties to the community.

☐      (11)    The reports from Pretrial Services Agency are adopted as the further findings of this Magistrate Judge.

☒      (12)    The reports and recommendation from Pretrial Services Agency are adopted as the further findings of this Magistrate Judge.

☒      (13)    Other Reasons or Further Explanation: <u>as stated on the record</u>.

## Further Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by

☐      Clear and convincing evidence that the defendant is a danger to the community, that no condition or combination of release condition will reasonably assure the safety of the community and require the detention of the defendant pending trial in this case.

☒      A preponderance of the evidence that the defendant is a serious flight risk, that no condition or combination of release conditions will reasonably assure the defendant's appearance and require the detention of the defendant pending trial in this case.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS ORDERED the defendant is detained and remanded to the custody of the United States Marshal.

Dated this 1st day of July, 2025.

Honorable Michael A. Ambri
United States Magistrate Judge